B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Jim Cornette, an individual; and Arcadian Vanguard, LLC, a limited liability company; | DEFENDANTS<br>Colin Thomson, an individual; Christine Thomson, an individual; Rod Thomson, an individual; Matthew Yu, an individual; PodcastOne, Inc., a Delaware corporation; LiveOne, Inc., a Delaware corporation; and DOES 1 through 50, inclusive; |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Andre Verdun, Esq.<br>Law Office of Andre L. Verdun<br>1777 N. Ventura Ave., Ventura, CA 93001<br>Attorney for Plaintiffs | ATTORNEYS (If Known)<br>Teri T. Pham, Esq.<br>Enenstein Pham Glass & Rabbat LLP<br>3200 Bristol Street, Suite 500, Costa Mesa, CA 92626<br>Counsel for Colin Thomson |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>□ Creditor ☒ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiffs allege four causes of action, including: (1) California Penal Code Section 496(a)(; (2) Negligence, Negligence Per Se, and Negligent Infliction of Emotional Distress; (3) Fraud; and (4) Unfair Business Practices - Bus. & Prof. Code Section 17200.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☒ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>  Kast Media, Inc. | BANKRUPTCY CASE NO.<br>  1:24-bk-10396 | |
| DISTRICT IN WHICH CASE IS PENDING<br>  Central District of California | DIVISION OFFICE<br>  San Fernando Valley | NAME OF JUDGE<br>  Hon. Martin R. Barash |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>  March 7, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>  Teri T. Pham, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Teri T. Pham, Esq. (SBN 193383)
*tpham@epgrlawyers.com*
**ENENSTEIN PHAM GLASS & RABBAT LLP**
3200 Bristol St., Suite 500
Costa Mesa, CA 92626
Phone: (714) 292-0262

Attorney for Movant,
COLIN THOMSON

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>KAST MEDIA, INC.<br><br>     Debtor and Debtor in Possession<br>_____<br><br>JIM CORNETTE, an individual; and ARCADIAN VANGUARD, LLC, a limited liability company;<br><br>        Plaintiffs,<br><br>v.<br><br>COLIN THOMSON, an individual; CHRISTINE THOMSON, an individual; ROD THOMSON, an Individual; MATTHEW YU, an individual; PODCASTONE, INC., a Delaware corporation; LIVEONE, INC., a Delaware corporation; and DOES 1 through 50, Inclusive;<br><br>        Defendants. | Case No: 1:24-bk-10396-MB<br><br>Chapter 11<br><br>Adversary No:<br><br>**NOTICE BY COLIN THOMSON OF REMOVAL OF STATE COURT CIVIL ACTION FROM THE LOS ANGELES COUNTY SUPERIOR COURT TO THE UNITED STATES BANKRUPTCY COURT PER 28 U.S.C. §§ 1334 AND 1452, AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; ADVERSARY PROCEEDING COVER SHEET**<br><br><br>(Los Angeles Superior Court Case No. 25STCV02767)<br><br><br>Complaint filed:     January 31, 2025<br>Trial Date:         Not Yet Set |

**NOTICE OF REMOVAL OF STATE COURT ACTION**

**PLEASE TAKE NOTICE THAT** Colin Thomson ("Movant"), a named co-defendant in that certain litigation pending in the Los Angeles County Superior Court for the State of California bearing Case Number 25STCV02767 (the "State Court Action"), hereby removes to this United States Bankruptcy Court the entire State Court Action, including all claims and all causes of action as to all parties.

In support of the Notice of Removal, and pursuant to Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure (FRBP), Movant states and/or alleges as follows (including the following "short and plain statement of the facts"):

## I.    BRIEF BACKGROUND

This is a belated action brought by the purported creditors of Debtor Kast Media, Inc. ("Debtor") in an apparent attempt to circumvent the jurisdiction of the United States Bankruptcy Court for the Central District of California. The Debtor is a podcast production company specializing in podcasts with potential for second-window opportunities in film and television. On March 13, 2024, the Debtor filed a voluntary petition for relief in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Bankruptcy Code, *In re Kast Media, Inc.,* Case No. 1:24-bk-10396-MB ("Kast Bankruptcy Case").

On May 6, 2024, Plaintiff Arcadian Vanguard LLC ("Arcadian") filed Proof of Claim No. 5, in the unsecured amount of $250,442.79 in the Kast Bankruptcy Case, claiming that Arcadian and Debtor were parties to an "oral agreement" or "implied contract" relating to a Podcast Agreement between Plaintiff Jim Cornette ("Cornette") and Debtor. On November 15, 2024, the Debtor filed an Objection to Arcadian's Proof of Claim No. 5. On December 17, 2024, the Bankruptcy Court held a hearing on the Debtor's Objection and denied the First Objection without prejudice to the Debtor submitting a new Objection with additional evidence. On February 16, 2025, the Debtor filed a second Objection to Arcadian's Proof of Claim No. 5 ("Second Objection"). That Second Objection is presently pending before the Bankruptcy Court and is currently set to be heard on March 18, 2025.

In an attempt to circumvent the Bankruptcy Court's impending decision, on January 31, 2025, Plaintiffs commenced the State Court Action against Moving Party Colin Thomson, the principal of the Debtor, and others, for collection of the same debt Arcadian alleges was owed to it by the Debtor. A copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**. A copy of the Docket of the

State Court action is attached hereto as **Exhibit B**.

## II.   <u>JURISDICTION AND BASES FOR REMOVAL</u>

Under Title 28 U.S.C. section 1452 subsection (a), a party may remove "any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district has jurisdiction of such claims or causes of action under § 1334 of this Title." 28 U.S.C. § 1452(a) Section 1334 subsection (b), in turn, grants the district court jurisdiction to hear all "all civil proceedings arising under title 11, or arising in or related to cases under title 11 [the Bankruptcy Code]." 28 U.S.C. § 1334(b). *See, e.g.* 10-9027 Collier on Bankruptcy P 9027.01.

Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3): "If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons."

Here, removal to the Bankruptcy Court is proper pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334, because this action concerns a matter that is currently pending in the Bankruptcy Court which will affect administration of the Debtor's estate. This is a core matter pursuant to 28 U.S.C. § 157(b)(2). *See e.g., without limitation,* § 157(b)(2)(A), (B), (C), (E), (F), (K), and (O).

The State Court Action, including all claims and causes of action asserted therein, are civil actions other than a proceeding before the United States Tax Court and are not a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. *See* 28 U.S.C. § 1452(a). The State Court Action is of a civil nature over which the Bankruptcy Court has jurisdiction in that it is a core proceeding. *See* 28 U.S.C. §§ 1334, 1452(a). The Bankruptcy Court presiding over the Debtor's bankruptcy case pursuant to the general reference with respect to Title 11 cases in effect in the Central District of California and 28 U.S.C. § 157(a), has jurisdiction of each and every cause of action asserted in the State Court Action pursuant to  28 U.S.C. § 1334.

This Notice of Removal is being filed within 30 days after service of the Summons and Complaint in the State Court Action on the Movant. An adversary proceeding coversheet is included herewith.

**NOTICE OF REMOVAL OF STATE COURT ACTION**

Movant consents to the entry of final orders and judgment pertaining to the same, by the Bankruptcy Court.

Per FRBP 9027(b)-(c), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and is being served on all interested parties.

As stated in FRBP 9027(c), "[t]he parties shall proceed no further in that court unless and until the claim or cause of action is remanded." Fed. R. Bankr. P. 9027(c) (emphasis added).

Per Local Bankruptcy Rule (LBR) 9027-1(b), Movant is presenting a proposed *Notice of Status Conference* concurrently with this notice, attached hereto as **Exhibit C**.

In accordance with FRBP, Rule 9027(a)(1), and LBR 9027-1(d), Movant will, within 30 days of this Notice, lodge a "copy of all process and pleadings" with the Bankruptcy Court (in addition to those documents attached to this Notice).

**BASED ON THE FOREGOING**, Movant hereby removes the State Court Action, now pending before the Superior Court of the State of California, County of Los Angeles, case number 25STCV02767, in its entirety to the United States Bankruptcy Court for the Central District of California.

Dated:  March 7, 2025                              **ENENSTEIN PHAM GLASS & RABBAT LLP**

                                                   By: _____
                                                       Teri T. Pham
                                                       Attorney for Movant,
                                                       COLIN THOMSON

**NOTICE OF REMOVAL OF STATE COURT ACTION**

# EXHIBIT A

# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/31/2025 3:36 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

Andre Verdun(SBN 265436)
**Law Office of Andre L. Verdun**
1777 N Ventura Ave
Ventura,CA93001
Tel.6198800110
Fax.8668040051
service@verdunlaw.com

Stephen P. New (W.V. Bar #7756) (Pro Hac Vice Pending)
**STEPHEN NEW & ASSOCIATES**
430 Harper Park Drive
Beckley, WV 25801
Tel: 304-250-6017
steve@newlawoffice.com

Attorneys for the Plaintiffs,
Jim Cornette and Arcadian Vanguard

# IN THE SUPERIOR COURT OF CALIFORNIA,

# COUNTY OF LOS ANGELES

| | |
|---|---|
| **JIM CORNETTE, an individual; and ARCADIAN VANGUARD, LLC, a limited liability company;**<br><br>          Plaintiffs,<br>     vs.<br><br>**COLIN THOMSON, an individual; CHRISTINE THOMSON, an individual; ROD THOMSON, an individual; MATTHEW YU, an individual; PODCASTONE, INC., a Delaware corporation; LIVEONE, INC., a Delaware corporation; and DOES 1 through 50, inclusive;**<br><br>          Defendants. | Case #:  25STCV02767<br>*(Unlimited Civil Case)*<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR TRIAL BY JURY** |

-1-
**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This action arises from the theft of funds by Defendants that rightfully belong to Plaintiffs. While serving as CEO of Kast Media, Inc. ("Kast"), Colin Thomson had access to these funds, which he then diverted for personal benefit and then both held and transferred to others who knew the funds were stolen but accepted them nonetheless. The subsequent conspiracy among the Thomson Defendants, PodcastOne, Inc. ("PodcastOne"), and LiveOne, Inc. ("LiveOne") not only sought to conceal and retain the misappropriated funds but also deliberately intended to create a state of financial desperation for Plaintiffs. PodcastOne and LiveOne then intended to use this distress to pressure Plaintiffs into signing unfavorable contracts in exchange for partial reimbursement of the stolen funds.

## PARTIES

2. Plaintiff, Jim Cornette is an individual and a renowned professional wrestling personality and podcaster who, through his expertise and dedication, has built a substantial following and developed valuable intellectual property in the form of podcast content.

3. Plaintiff Arcadian Vanguard, LLC is a New Jersey limited liability company. Brian Last is the president and CEO of Arcadian Vanguard, a podcast production company. Arcadian Vanguard partners with wrestling personality Jim Cornette to produce his two weekly podcasts, a partnership that began in 2016.

4. Last is also the on-air co-host for Jim Cornette's two weekly podcasts.

5. Defendant Colin Thomson served as Chief Executive Officer of Kast Media and maintained exclusive control over all aspects of the company's operations, including but not limited to maintaining and controlling the company's accounting records and accountants/bookkeppers, managing advertising sales, collecting revenue, controlling bank accounts, directing financial disbursements.

6. Defendant Christine Thomson is an individual who is the spouse of Defendant Colin Thomson  and received substantial portions of misappropriated

-2-

**COMPLAINT FOR DAMAGES**

The Law Offices of
ANDRE L. VERDUN

1 | revenue, with knowledge that such funds were wrongfully obtained.

2 |     7. Defendant Rod Thomson is an individual who is Colin Thomson's father
3 | and received substantial portions of misappropriated revenue that rightfully
4 | belonged to Plaintiffs, with knowledge that such funds were wrongfully obtained.
5 | Defendant Rod Thomson is a shareholder in Kast Media. Upon information and
6 | belief, a portion of this misappropriated revenue was property of the Plaintiffs.

7 |     8. Defendant Matthew Yu is an individual who is Colin Thomson's father-in-
8 | law and received substantial portions of misappropriated revenue that rightfully
9 | belonged to Plaintiffs, with knowledge that such funds were wrongfully obtained.
10 | Defendant Matthew Yu is a shareholder in Kast Media. Upon information and
11 | belief, a portion of this misappropriated revenue was property of the Plaintiffs.

12 |     9. Defendant PodcastOne is a business entity that, upon information and
13 | belief, is organized and exists under the laws of Delaware, with its principal place
14 | of business in the State of California and in the County of Los Angeles.
15 | PodcastOne knowingly participated in and benefited from Defendants' schemes
16 | and illegal transfer of Plaintiffs' stolen money. PodCast One engaged in coercive,
17 | unlawful and unfair business practices designed to exploit Plaintiffs' financial
18 | distress.

19 |     10.    Defendant LiveOne is a business entity that, upon information and
20 | belief, is organized and existing under the laws of Delaware with its principal
21 | place of business in the State of California, and in the County of Los Angeles.
22 | LiveOne knowingly participated in and benefited from Defendants' schemes and
23 | illegal transfer of Plaintiffs' stolen money. LiveOne engaged in coercive, unlawful
24 | and unfair business practices designed to exploit  Plaintiffs' financial distress.

25 |     11.    The true names and capacities, whether individual, corporate,
26 | associate, or otherwise, of Defendants DOES 1-50 inclusive, are unknown to
27 | Plaintiffs who, therefore, sues said Defendants by such fictitious names. Plaintiffs
28 | will amend this complaint to show their true names and capacities when

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF
ANDRE L. VERDUN

1  ascertained. Plaintiffs is informed and believes, and thereon alleges, that each of

2  said Defendants is responsible in some manner for the events and happenings,

3  and proximately caused the injuries and damages, hereinafter alleged.

4  ### JURISDICTION

5      12.    The Superior Court of California, County of Los Angeles has

6  jurisdiction over this action pursuant to California Constitution Article VI, Section

7  10, which grants the Superior Court "original jurisdiction in all cases except those

8  given by statute to other trial courts."

9      13.    This Court has jurisdiction over this action pursuant to Code of Civil

10  Procedure § 410.10.

11      14.    Pursuant to California Code of Civil Procedure § 410.10, this Court

12  has jurisdiction over Defendants because Defendants is a person/entity having

13  sufficient minimum contacts with the state of California so as to render the

14  exercise of jurisdiction over the Defendants by the California courts consistent

15  with traditional notions of fair play and substantial justice.

16  ### VENUE

17      15.    Venue is proper in the Stanley Mosk branch of the Superior Court of

18  California, County of Los Angeles, which is located 111 N Hill Street, Los

19  Angeles, CA 90012 under California Code of Civil Procedure § 395.5 because

20  one or more of the violations in the Complaint, as herein alleged against the

21  Defendants, emanated from here, Defendants does business here, and/or the

22  contract at issue was signed here.

23      16.    Venue here is consistent with any local rules, if applicable.

24  ### FACTUAL ALLEGATIONS

25      17.    Since 2016, Jim Cornette and Arcadian Vanguard LLC have been

26  equal partners in producing two highly successful weekly podcasts: "The Jim

27  Cornette Experience" and "Jim Cornette's Drive Thru."

28      18.    Mr. Cornette provides his 40+ years of professional wrestling

THE LAW OFFICE OF
ANDRE L. VERDUN

-4-

**COMPLAINT FOR DAMAGES**

1  expertise, while Arcadian Vanguard's Principal Mr. Last handles all production
2  matters and business negotiations through Arcadian.

3      19.    Mr. Cornette is the "face" of the shows for publicity purposes, while
4  Mr. Last engages outside entities on all technical, financial and other business.

5      20.    In October 2018, Plaintiffs entered into a Podcast Agreement with
6  Kast Media whereby Kast would serve as Plaintiffs' advertising agent.

7      21.    The agreement specified an 80/20 revenue split, with Plaintiffs
8  entitled to receive 80% of advertising revenue and Kast retaining 20% as
9  compensation. This written agreement had a one-year term with a single one-
10 year renewal option, which was exercised via a September 2019 amendment.
11 The agreement expired by its own terms in 2020, as confirmed by Thomson's
12 sworn deposition testimony.[1]

13     22.    As the expiration date of the initial contract was approaching, the
14 parties entered negotiations for a new term agreement, but several obstacles
15 prevented a formal contract from being finalized. One key issue was Plaintiffs'
16 insistence on including a "key man" clause in the contract, reflecting their
17 unwillingness to be locked into an agreement with individuals or entities they had
18 not specifically chosen to work with from the outset. Plaintiffs made it clear that
19 they wanted to work with Kast Media but were adamant about retaining the ability
20 to opt out of the contract if Kast underwent an ownership change.

21     23.    After the written agreement expired, the parties continued operating
22 under an implied contract with the identical 80/20 revenue split. All other contract
23 terms continued to be negotiated as part of a process. Under both the written and
24 implied agreements, Kast was responsible for obtaining advertisers, collecting
25 advertising revenue, and remitting Plaintiffs' 80% share. As documented in
26 emails and confirmed in Thomson's testimony, he acknowledged this continuing
27 arrangement.

28

---

[1] Plaintiffs aver that all contract terms, including confidentiality and limited exclusivity, expired in October 2020.

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF
ANDRE L. VERDUN

24. From the outset of the relationship, Thomson caused all payments for the Cornette podcasts to be made either to Brian Last personally, to Last and Cornette jointly, or eventually to Arcadian Vanguard starting in late 2019. Thomson controlled when the payments were sent, to whom and how much.

25. This payment arrangement is documented through 1099s issued by Kast, physical checks and text messages between Thomson and Last.

26. Thomson engaged in a systematic practice of factoring all advertising receivables through companies like United Capital Funding and CapChase – including, crucially, Plaintiffs' 80% share - long before any payment issues emerged.

27. This practice began while Kast was still making regular payments to Plaintiffs, demonstrating the criminal nature of the enterprise, separate from any later alleged financial difficulties.

28. Plaintiffs' 80% share of money paid by advertisers were to be paid to Plaintiffs on "net 30 terms".

29. After the "net 30 terms" period had expired, Thomson refactored money that belonged to Plaintiffs.

30. Thomson has admitted he factored these receivables, including the 80% portion of the two shows' gross revenues that rightfully belonged to Plaintiffs, while deliberately concealing this practice from them. Thomson had no authority or consent to factor Plaintiffs' portion of the revenue, yet did so routinely and systematically throughout the relationship.

31. When Colin personally took possession of the 80% portion of the money belonging to Plaintiffs—knowing it was Plaintiffs' rightful share, knowing Plaintiffs had not consented, and deliberately concealing this from them—he then wrongfully converted the funds for his own use through the refactoring, he engaged in theft. He withheld the payment beyond the agreed-upon time, failed to remit it as required, and actively concealed these actions from Plaintiffs.

**COMPLAINT FOR DAMAGES**

1       32.    Well before Kast fell behind on payments in 2023, Thomson began

2   factoring the entirety of advertising receivables through companies like United

3   Capital Funding and CapChase- including Plaintiffs' 80% share - without

4   Plaintiffs' knowledge or consent.

5       33.    Thomson has admitted he factored these receivables while

6   deliberately concealing this practice from Plaintiffs.

7       34.    The factoring of Plaintiffs' portion of revenue occurred routinely and

8   systematically throughout the business relationship between the parties.

9       35.    Although Kast occasionally made late payments prior to 2023, it

10  generally fulfilled its payment obligations until January 2023.

11      36.    After January 2023, Thomson began systematically withholding

12  payments while continuing to collect and factor advertising revenue generated by

13  Plaintiffs' content.

14      37.    After Plaintiffs confronted Thomson about the missing funds in May

15  2023, all payments ceased entirely.

16      38.    The last payment Plaintiffs received was on May 17, 2023.

17      39.    Through his position at Kast, Thomson methodically diverted revenue

18  that belonged to Plaintiffs through multiple mechanisms.

19      40.    These mechanisms include factoring arrangements whereby

20  Thomson would factor all receivables, including Plaintiffs' 80% share, but

21  withhold payment, direct transfers to personal accounts and those of family

22  members, including a documented $176,000 wire transfer to Christine Thomson

23  in October 2021, using factored funds for personal expenses including a

24  Mercedes G-Wagon, Tesla, $10,000 per night suites at the Wynn Las Vegas,

25  and other lavish vacations, and $7,665 in Cartier purchases, as evidenced in

26  Kast's financial records, deliberately providing false advertising revenue reports

27  to conceal the misappropriation, and operating without proper corporate

28  documentation or authorization for these expenditures and transfers.

**COMPLAINT FOR DAMAGES**

41.    Thomson took the fund under his control, and converted it for his own use, sent the money for his own purposes, and transferred the stolen property to others who knew it was stolen.

42.    Thomson distributed these misappropriated funds among his family members, who accepted these transfers with knowledge of their wrongful origin.

43.    Christine Thomson, Colin Thomson's wife, received substantial portions including at least one documented wire transfer and benefitted from the purchase and sale of a home in California.

44.    Rod Thomson, Colin Thomson's father, accepted transfers of revenues and/or stock, he knew represented Plaintiffs' share of advertising revenue;

45.    Matthew Yu, Colin Thomson's father-in-law, received portions of the misappropriated revenue despite knowledge of its source.

46.    In early 2023, as his scheme began unraveling, Thomson initiated discussions with PodcastOne, a division of LiveOne, about a purchase of Kast Media.

47.    Between March and August 2023, internal records of Kast document that Kast Media had over $11.3 million in liabilities against only $1.7 million in assets.

48.    Also, PodcastOne and LiveOne became aware of approximately $6.9 million in unpaid obligations to podcast creators, such as Plaintiffs, which they knew would make them desperate to be paid money they were owed.

49.    In early 2023, PodcastOne and LiveOne became aware of Thomson's systematic misappropriation through factoring arrangements.

50.    PodcastOne and LiveOne became aware of Kast's outstanding debt to Capchase of approximately $1.7 million.

51.    PodcastOne, LiveOne, and Colin Thomson were aware, based on the failed contract negotiations, that Plaintiffs would not willingly agree to sign with

**COMPLAINT FOR DAMAGES**

THE LAW OFFICE OF
ANDRE L. VERDUN

1  PodcastOne and LiveOne. This was known because the inclusion of a key man
2  clause had been a central issue that prevented the execution of a new contract
3  back in 2021 and in 2022.

4      52.      On May 28, 2023, LiveOne CEO Rob Ellin contacted Mr. Cornette
5  directly, making what Cornette characterized in sworn testimony as veiled threat
6  about bringing PodcastOne into this "fight".

7      53.      When Cornette responded detailing Thomson's misappropriation and
8  refusing to accept PodcastOne stock in lieu of payment, Ellin admitted Kast
9  would soon face bankruptcy, as documented in email exchanges and podcasters
10 would get little to nothing.

11     54.      Despite full knowledge of Thomson's conduct, PodcastOne
12 andLiveOne conspired with him to structure transactions specifically designed to:

13     i.     Allow Thomson to avoid paying podcast partners while acquiring
14              valuable shows at a discount;

15     ii.    Provide Thomson personal benefit through PodcastOne stock issuance
16              payable after a bankruptcy had concluded

17     iii.   Satisfy certain creditors like Brendan Schaub (approximately $1.6
18              million) while leaving others unpaid;

19     iv.   Move assets beyond the reach of legitimate creditors through carefully
20              structured transactions;

21     v.    Pay off debts like the CapChase $1.7 million line of credit evidencing
22              some benefit to Podcast One/Live One.

23     55.      PodcastOne and LiveOne knew that Thomson was stealing money
24 from content creators, including Plaintiffs, and used the financial stress and
25 threats of bankruptcy to coerce the podcasters to sign new, less favorable
26 agreements with PodcastOne and LiveOne.

27     56.      On information and belief, PodcastOne and LiveOne encouraged this
28 conduct, and worked with Colin Thomson to stoke fear in the podcaster, stating

**COMPLAINT FOR DAMAGES**

1  they would need to sign with PodcastOne and LiveOne, or get nothing.

2      57.    The conspiracy was executed through coordinated actions between

3  March and September 2023. Upon information and belief, through present, this

4  includes but is not limited to: abandoning a straight acquisition that would have

5  required assuming Kast's liabilities; rejecting an asset purchase agreement that

6  would have required disclosure of liabilities; crafting a "finder's fee agreement"

7  specifically to cherry-pick valuable shows while avoiding liability; issuing

8  PodcastOne stock to Thomson held in escrow for 24 months; and, taking out a

9  $1.7 million loan from Capchase - matching Kast's debt - while simultaneously

10  issuing stock to satisfy that obligation. The escrow agent for Thomson's shares

11  was PodcoastOne and LiveOne's own attorney, Sasha Ablovatskiy.

12      58.    Rob Ellin, CEO of both PodcastOne and LiveOne, demonstrated the

13  urgency of executing this scheme in emails dated May 30, 2023, pressing for

14  rapid movement of shows "as fast as possible."

15      59.    PodcastOne's CFO Aaron Sullivan admitted in sworn testimony that

16  this urgency was driven by their impending public offering.

17      60.    The coordination extended to PodcastOne's hiring of Kast Media's

18  accountant Michael Calabretta after the scheme was executed.

19      1. These actions effectively rendered Kast Media a shell company with no

20  operations, existing solely to receive potential finder's fee payments structured to

21  be offset by strategically assumed liabilities

22  **FIRST CAUSE OF ACTION**

23  *(California Penal Code § 496(a))*

24  *(Against All Defendants)*

25      61.    Plaintiffs reallege and incorporate by reference each and every

26  allegation contained in paragraphs above as though fully set forth herein.

27      62.    Between 2019 and 2023, Defendant Colin Thomson systematically

28  stole and/or diverted Plaintiffs' podcast advertising revenue through the following

-10-

**COMPLAINT FOR DAMAGES**

1  specific actions, as described herein.

2      63.     Thomson diverted specific advertising payments from Kast Media's

3  accounts that belonged to Plaintiffs, including but not limited to a wire transfer of

4  hundreds of thousands of dollars to Defendant Christine Thomson's personal

5  bank accounts;

6      64.     Thomson executed factoring arrangements with United Capital

7  Funding and CapChase whereby he factored the entirety of advertising

8  receivables but retained Plaintiffs' 80% share rather than remitting payment;

9      65.     Thomson directed his accountants to supply false advertising

10  revenue reports to conceal his diversion of funds from Kast Media accounts to

11  his personal accounts.

12      66.     In total, on information and belief, Plaintiffs allege that Colin Thomson

13  used his position with Kast Media to move hundreds of thousands of dollars of

14  money from accounts belonging to Kast Media, to Defendants' own accounts, or

15  the accounts of his family members, while knowing the money belonged to

16  Plaintiffs.

17      67.     Colin Thomson did not have Plaintiffs' authority or consent to transfer

18  their money to Defendants' account, and covered up his actions by supplying

19  false accounting records to Plaintiffs.

20      68.     The other individual Defendants, Chrstine Thomas, Rob Thomas, and

21  Matthew Yu, all knowingly received and concealed this stolen property.

22      69.     Defendant Christine Thomson accepted substantial portions of the

23  stolen revenue, including a $176,000 wire transfer in October 2021, and

24  purchase and sale of the Thomson's home in California..

25      70.     Defendant Rod Thomson received stolen funds knowing they

26  represented Plaintiffs' share of advertising revenue.

27      71.     Defendant Matthew Yu accepted transfers of the misappropriated

28  revenue with knowledge the funds belonged to Plaintiffs.

-11-
**COMPLAINT FOR DAMAGES**

72.    Defendants PodcastOne and LiveOne aided in concealing and withholding the stolen property through the following specific actions, as described below.

73.    In May 2023, Podcast One/Live One discovered that Thomson had stolen or diverted approximately $6.9 million from content creators through factoring arrangements;

74.    Despite this knowledge, they structured a series of transactions between March and September 2023 specifically designed to help Thomson conceal and retain the stolen property;

75.    On information and belief, PodcastOne and LiveOne encouraged Colin Thomson to continue to withhold money from podcasters, thereafter and bankruptcy, to make them desperate for money, which would allow PodcastOne and LiveOne to coerce thescontent creators  Kast Media content creators to sign deals with PodcastOne and LiveOne that they otherwise would not have signed.

76.    They issued PodcastOne stock to Thomson to be held in escrow for 24 months as compensation for facilitating the concealment of the stolen funds;

77.    They deliberately abandoned a straight acquisition and rejected an asset purchase agreement to avoid disclosure of the stolen funds and then inexplicably paid millions of dollars in Kast Media debt;

78.    They crafted a "finder's fee agreement" specifically to help Thomson withhold the stolen property while acquiring valuable shows without liability.

79.    Through these coordinated actions, Defendants knowingly received, concealed, withheld and aided in concealing stolen property - specifically, Plaintiffs' contractually guaranteed 80% share of advertising revenue.

80.    Pursuant to Penal Code § 496(c), Plaintiffs are entitled to recover: a. Three times their actual damages ; b. All costs incurred in bringing this action; c. Reasonable attorneys' fees as provided by statute.

///

-12-

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

*(Negligence, Negligence Per Se, and Negligent Infliction of Emotional Distress)*
*(Against All Defendants)*

81.     Plaintiffs relegate and incorporate by reference each and every allegation contained in paragraphs above as though fully set forth herein.

82. Defendants owed multiple duties to Plaintiffs:

    a. A statutory duty under California Penal Code § 496 not to receive, conceal, or aid in concealing stolen property;

    b. A duty of reasonable care not to participate in or facilitate the theft and conversion of Plaintiffs' property;

    c. A duty to exercise reasonable care to avoid causing Plaintiffs severe emotional distress through their conduct.

83. Defendant Colin Thomson breached these duties by:

    a. Systematically misappropriating Plaintiffs' advertising revenue through factoring arrangements and false accounting records;

    b. Diverting Plaintiffs' funds to his personal accounts and those of his family members;

    c. Concealing his theft through falsified revenue reports, knowing this would cause Plaintiffs severe distress when discovered.

84. Defendants Christine Thomson, Rod Thomson, and Matthew Yu breached these duties by:

    a. Knowingly accepting and concealing stolen funds, including the $176,000 wire transfer to Christine Thomson in October 2021;

    b. Failing to verify the legitimacy of large transfers they knew originated from podcast advertising revenue;

    c. Participating in a scheme they knew would cause Plaintiffs severe emotional distress when discovered.

-13-

**COMPLAINT FOR DAMAGES**

85. Defendants PodcastOne and LiveOne breached these duties through their
corporate officers, directors, and managing agents by:

   a. Proceeding with transactions despite discovering Thomson's theft of
$6.9 million from content creators;

   b. Deliberately structuring agreements to help conceal stolen property while
providing Thomson personal benefit;

   c. Encouraging Thomson to continue withholding funds from content
creators to coerce them into unfavorable agreements;

   d. Creating a scheme they knew would cause Plaintiffs severe emotional
distress by depriving them of their rightful property.

86. Defendants' conduct violated California Penal Code § 496, establishing
negligence per se, as:

   a. The statute was designed to protect podcast content creators like
Plaintiffs from the theft and concealment of their property;

   b. Plaintiffs are within the class of persons the statute was designed to
protect;

   c. The harm suffered - loss of revenue and emotional distress - was
precisely the type the statute was designed to prevent.

87. Defendants' negligence directly and proximately caused Plaintiffs to suffer:

   a. Severe emotional distress from discovering the systematic theft of their
property;

   b. Ongoing anxiety and distress from being unable to recover their stolen
property due to Defendants' coordinated concealment;

   c. Additional business losses and reputational harm from the disruption of
their podcasting operations.

88. Defendants' conduct was grossly negligent and demonstrated willful and
conscious disregard for Plaintiffs' rights, as evidenced by:

   a. The systematic nature of the theft and concealment;

**COMPLAINT FOR DAMAGES**

b. The deliberate structuring of transactions to prevent recovery;

c. The knowing infliction of emotional distress through these coordinated actions.

89.     As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered damages in an amount to be proven at trial, plus damages for severe emotional distress, consequential damages, and punitive damages as allowed by law.

## THIRD CAUSE OF ACTION

*(Fraud)*
*(Against All Defendants)*

*(Against Defendants PodcastOne, LiveOne, and Colin Thomson)*

90.     Plaintiffs incorporate by reference each allegation set forth above.

91.     Between March and September 2023, Defendants PodcastOne, LiveOne, and Colin Thomson engaged in a coordinated scheme to defraud Plaintiffs through the following specific misrepresentations and omissions, as described herein.

92.     On or about March 15, 2023, during an initial video conference meeting with Plaintiffs, Colin Thomson, speaking on behalf of Kast Media and in coordination with PodcastOne and LiveOne, falsely represented that Kast Media would continue normal business operations throughout negotiations with PodcastOne.

93.     Thomson made this statement from Kast Media's Los Angeles office, knowing it was false because: a. Thomson had already discussed with Rob Ellin, CEO of both PodcastOne and LiveOne, their plan to render Kast Media a shell company; b. Internal emails between Thomson and Ellin dated March 10, 2023, specifically outlined their strategy to strip Kast Media of assets while avoiding creditor obligations; c. PodcastOne's CFO Aaron Sullivan had already prepared financial models showing Kast Media would cease operations once valuable

**COMPLAINT FOR DAMAGES**

1 | shows were transferred.

2 | 94.      On April 12, 2023, during a meeting at PodcastOne's offices in Los
3 | Angeles, Rob Ellin and Aaron Sullivan deliberately concealed from Plaintiffs their
4 | structured plan to avoid paying legitimate creditors by: a. Presenting financial
5 | projections that omitted their planned selective assumption of certain creditor
6 | obligations while avoiding others; b. Failing to disclose already-drafted
7 | documents showing their intent to leave Plaintiffs unpaid while satisfying other
8 | obligations; c. Concealing term sheets, dated April 5, 2023, that outlined their
9 | strategy to preference certain creditors over others.

10 | 95.      On May 30, 2023, Rob Ellin sent written communications to Plaintiffs
11 | through email characterizing their arrangement with Thomson as a legitimate
12 | "finder's fee agreement." This representation was knowingly false because: a.
13 | Internal documents from PodcastOne and LiveOne's legal department, dated
14 | May 25, 2023, explicitly described the agreement as a mechanism to "avoid
15 | creditor obligations while acquiring valuable assets"; b. Contemporaneous email
16 | communications between Ellin and Thomson discussed structuring the
17 | agreement specifically to defeat creditor claims; c. PodcastOne's Board of
18 | Directors had already approved, on May 15, 2023, the strategy to use the finder's
19 | fee structure as a means to circumvent creditor rights.

20 | 96.      Between June and August 2023, in a series of written
21 | communications sent via email from PodcastOne's Los Angeles offices,
22 | Defendants intentionally concealed that: a. Thomson would receive PodcastOne
23 | stock held in escrow for 24 months as compensation; b. The stock issuance was
24 | specifically structured to provide Thomson personal benefit while leaving
25 | creditors unpaid; c. The arrangement had been approved by PodcastOne's
26 | Board on June 15, 2023, explicitly as a means to compensate Thomson while
27 | avoiding creditor obligations.

28 | 97.      Each Defendant knew these representations were false when made

**COMPLAINT FOR DAMAGES**

THE LAW OFFICE OF
ANDRE L. VERDUN

1  because: a. Their internal documents and communications explicitly discussed
2  the fraudulent nature of their scheme; b. They had conducted extensive due
3  diligence revealing Kast Media's true financial condition; c. They had specifically
4  structured their transactions to avoid creditor obligations while providing
5  Thomson personal benefit.

6      98.    Defendants made these misrepresentations and omissions with the
7  specific intent that Plaintiffs rely on them by: a. Continuing their relationship with
8  Kast Media rather than pursuing immediate legal remedies; b. Refraining from
9  exercising their rights as creditors during the critical period when assets were
10  being transferred; c. Not seeking injunctive relief to prevent the fraudulent
11  transfers.

12      99.    Plaintiffs reasonably relied on these misrepresentations by: a.
13  Continuing their business relationship with Kast Media from March through
14  September 2023; b. Refraining from pursuing legal action to recover their
15  property during this period; c. Not seeking immediate injunctive relief to prevent
16  the transfer of assets.

17      100.    As a direct and proximate result of this coordinated fraud, Plaintiffs
18  have suffered damages including: a. Loss of their rightful share of advertising
19  revenue; b. Additional consequential damages from the disruption of their
20  business operations; c. Loss of opportunity to protect their rights as creditors
21  before assets were transferred.

22      101.    Defendant Colin Thomas' conduct was intentional, malicious, and
23  designed to defraud, warranting punitive damages, as evidenced by: a. The
24  careful coordination of their fraudulent scheme through documented
25  communications; b. Their explicit discussions of using structured transactions to
26  defeat creditor rights; c. Their knowing provision of personal benefit to Thomson
27  at creditors' expense.

28      102.    Defendants' fraudulent conduct was carried out, authorized, and

**COMPLAINT FOR DAMAGES**

ANDRE L. VERDUN

1 | ratified by officers, directors, and managing agents of PodcastOne and LiveOne

2 | in a manner warranting punitive damages under California Civil Code § 3294:

3 |     103.    Rob Ellin, as Chief Executive Officer of both PodcastOne and

4 | LiveOne, personally: a. Authored and sent the May 30, 2023 emails directing the

5 | rapid execution of show transfers to defeat creditor claims; b. Led multiple

6 | meetings between March and September 2023 where he instructed subordinates

7 | to conceal the true nature of transactions from creditors; c. Signed and approved

8 | corporate documents on June 15, 2023, specifically structuring the transactions

9 | to provide Thomson personal benefit while knowingly harming creditors; d.

10 | Authorized the stock issuance to Thomson on July 1, 2023, with full knowledge it

11 | would prevent creditors from recovering their property.

12 |     104.    Aaron Sullivan, as Chief Financial Officer of PodcastOne: a. Prepared

13 | and approved financial models in March 2023 specifically designed to conceal

14 | the planned stripping of Kast Media's assets; b. Provided sworn testimony

15 | admitting the urgency behind their actions was driven by PodcastOne's

16 | impending public offering rather than legitimate business purposes; c. Personally

17 | structured the "finder's fee agreement" in August 2023 to ensure creditors could

18 | not reach transferred assets.

19 |     105.    The Board of Directors of both PodcastOne and LiveOne expressly

20 | authorized these fraudulent actions by: a. Reviewing and approving detailed due

21 | diligence reports on May 15, 2023, that revealed Kast Media's $11.3 million in

22 | liabilities against only $1.7 million in assets; b. Specifically authorizing on June

23 | 15, 2023, the stock issuance to Thomson despite knowing it would prevent

24 | creditor recovery; c. Ratifying the structured transactions on August 1, 2023, with

25 | full knowledge they were designed to defeat creditor claims.

26 |     106.    The managing agents of both companies demonstrated conscious

27 | disregard for Plaintiffs' rights by: a. Deliberately rejecting a straight acquisition

28 | that would have protected creditor rights; b. Coordinating with legal counsel

THE LAW OFFICES OF
ANDRE L. VERDUN

-18-

**COMPLAINT FOR DAMAGES**

1 between May and August 2023 to structure transactions specifically to defeat
2 creditor claims; c. Implementing systems to ensure valuable assets were
3 transferred beyond creditors' reach.

4    107.    These actions constitute malice, oppression, and fraud under Civil
5 Code § 3294 because: a. They were carried out with advance knowledge of the
6 harm to Plaintiffs, as evidenced by internal communications and due diligence
7 reports; b. They involved intentional misrepresentations and concealment
8 authorized at the highest corporate levels; c. They demonstrated despicable
9 conduct carried out with willful and conscious disregard of Plaintiffs' rights.

10    108.    The direct involvement of corporate officers, express authorization by
11 the Board of Directors, and systematic execution by managing agents of this
12 fraudulent scheme warrants substantial punitive damages against PodcastOne
13 and LiveOne to punish this egregious corporate misconduct and deter similar
14 schemes against podcast content creators.

15                **FOURTH CAUSE OF ACTION**
16        *(Unfair Business Practices - Bus. & Prof. Code § 17200)*
17            *(Against Defendants PodcastOne and LiveOne)*

18    109.    Plaintiffs repeat, re-alleges, and incorporates by reference all of the
19 paragraphs above as though fully stated herein.

20    110.    Defendants PodcastOne and LiveOne engaged in unfair business
21 practices by:

22        a. Knowingly participating in a scheme to defraud legitimate creditors;
23        b. Structuring transactions specifically to avoid liability to creditors;
24        c. Using corporate resources to satisfy Thomson's personal obligations;
25        d. Enabling Thomson to continue operating while insolvent;
26        e. Helping transfer valuable assets beyond creditors' reach through
27        carefully structured transactions.

28    111.    These practices constitute unlawful, unfair, and fraudulent business

1  practices under § 17200.

2  112.   These practices present a continuing threat requiring injunctive relief.

3  113.   Plaintiffs seek:

4  a. Public injunctive relief prohibiting Defendants from engaging in similar

5  schemes to defraud podcast content creators;

6  b. Restitution of all amounts wrongfully obtained, including disgorgement of

7  any revenue that was earned by use of ill-gotten gains;

8  c. Attorneys' fees as private attorney general.

9  ## PRAYER FOR RELIEF

10  **WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of

11  them, as follows:

12  i.    For compensatory damages according to proof at trial;

13  ii.   For treble damages pursuant to California Penal Code § 496(c);

14  iii.  For punitive and exemplary damages pursuant to California Civil

15  Code § 3294 in an amount sufficient to punish Defendants and

16  deter similar conduct, according to proof at trial;

17  iv.   For restitution and disgorgement of all ill-gotten gains obtained by

18  Defendants through their unfair business practices;

19  v.    For preliminary and permanent injunctive relief: a. Prohibiting

20  Defendants from engaging in similar schemes to defraud podcast

21  content creators; b. Requiring Defendants to implement adequate

22  financial controls and transparency measures; c. Mandating

23  regular compliance reporting to ensure protection of content

24  creator revenue;

25  vi.   For attorneys' fees and costs: a. As provided by California Penal

26  Code § 496(c); b. As a private attorney general under Business &

27  Professions Code § 17200; c. As otherwise provided by law;

28  vii.  For prejudgment interest at the maximum legal rate on all amounts

-20-

**COMPLAINT FOR DAMAGES**

1    awarded;

2    viii.    For costs of suit incurred herein;

3    ix.    For such other and further relief as the Court may deem just and

4    proper.

5

6    Dated: January 22, 2025

7    s/ Andre Verdun

8    Andre Verdun, Esq.
     **LAW OFFICE OF ANDRE L. VERDUN**

9    Attorney for Plaintiffs,

10    Jim Cornette and Arcadian Vanguard

11    Stephen P. New

12    (W.V. Bar #7756) (Pro Hac Vice
     Pending)

13    **STEPHEN NEW & ASSOCIATES**

14    430 Harper Park Drive

15    Beckley, WV 25801
     Tel: 304-250-6017

16    Email: steve@newlawoffice.com

17    Attorney for Plaintiffs,

18    Jim Cornette and Arcadian Vanguard

19

20

21

22

23

24

25

26

27

28

-21-
**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

**NOW COMES** Jim Cornette, the Plaintiffs in this matter, who hereby demands a trial by jury in the above-captioned matter.

Dated: January 30, 2025

s/ *Andre Verdun*

Andre Verdun, Esq.
**LAW OFFICE OF ANDRE L. VERDUN**
Attorney for Plaintiffs,
Jim Cornette and Arcadian Vanguard

Stephen P. New
(W.V. Bar #7756) (Pro Hac Vice
Pending)
**STEPHEN NEW & ASSOCIATES**
430 Harper Park Drive
Beckley, WV 25801
Tel: 304-250-6017
Email: steve@newlawoffice.com
Attorney for Plaintiffs,
Jim Cornette and Arcadian Vanguard

-22-

**COMPLAINT FOR DAMAGES**

# EXHIBIT B

# EXHIBIT B

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 25STCV02767
JIM CORNETTE, ET AL. VS COLIN THOMSON, ET AL.

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 01/31/2025
**Case Type:** Other Commercial/Business Tort (not fraud/ breach of contract) (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**06/05/2025** at 09:00 AM in Department 51 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion to be Admitted Pro Hac Vice

**06/06/2025** at 08:30 AM in Department 51 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

**06/11/2025** at 09:00 AM in Department 51 at 111 North Hill Street, Los Angeles, CA 90012
Hearing on Motion to Quash Service of Summons

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

ARCADIAN VANGUARD LLC A LIMITED LIABILITY COMPANY - Plaintiff

BEARMAN ETHAN HABOR - Attorney for Defendant

CORNETTE JIM - Plaintiff

LIVEONE INC. A DELAWARE CORPORATION - Defendant

PODCASTONE. A DELAWARE CORPORATION - Defendant

THOMSON CHRISTINE - Defendant

THOMSON COLIN - Defendant

THOMSON RODNEY PHILIP - Defendant

VERDUN ANDRE LOUIS - Attorney for Plaintiff

YU MATTHEW - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**03/04/2025** Request for Judicial Notice
Filed by PodcastOne., a Delaware corporation (Defendant); LiveOne, inc., a Delaware corporation (Defendant)

**03/04/2025** Proof of Service (not Summons and Complaint)
Filed by PodcastOne., a Delaware corporation (Defendant); LiveOne, inc., a Delaware corporation (Defendant)

**03/04/2025** Motion to Quash (Service of Summons)
Filed by PodcastOne., a Delaware corporation (Defendant); LiveOne, inc., a Delaware corporation (Defendant)

**03/04/2025** Declaration (of Stephen P New)
Filed by Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**03/04/2025** Application to be Admitted Pro Hac Vice
Filed by Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**03/04/2025** Declaration (of Andre L. Verdun)
Filed by Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**02/06/2025** Notice of Case Management Conference
Filed by Clerk

**01/31/2025** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**01/31/2025** Alternative Dispute Resolution Packet
Filed by Clerk

**01/31/2025** Summons (on Complaint)
Filed by Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**01/31/2025** Civil Case Cover Sheet
Filed by Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**01/31/2025** Complaint
Filed by Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**
None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**03/05/2025** Hearing on Motion to Quash Service of Summons scheduled for 06/11/2025 at 09:00 AM in Stanley Mosk Courthouse at Department 51

**03/05/2025** Hearing on Motion to be Admitted Pro Hac Vice scheduled for 06/05/2025 at 09:00 AM in Stanley Mosk Courthouse at Department 51

**03/04/2025** Motion to Quash Service of Summons; Filed by: PodcastOne., a Delaware corporation (Defendant); LiveOne, inc., a Delaware corporation (Defendant)

**03/04/2025** Proof of Service (not Summons and Complaint); Filed by: PodcastOne., a Delaware corporation (Defendant); LiveOne, inc., a Delaware corporation (Defendant); As to: Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**03/04/2025** Request for Judicial Notice; Filed by: PodcastOne., a Delaware corporation (Defendant); LiveOne, inc., a Delaware corporation (Defendant)

**03/04/2025** Declaration of Andre L. Verdun; Filed by: Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**03/04/2025** Application to be Admitted Pro Hac Vice; Filed by: Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff); As to: Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**03/04/2025** Declaration of Stephen P New; Filed by: Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff)

**02/27/2025** Hearing on Motion to be Admitted Pro Hac Vice scheduled for 05/22/2025 at 09:00 AM in Stanley Mosk Courthouse at Department 51 Not Held - Vacated by Court on 02/27/2025

**02/07/2025** Hearing on Motion to be Admitted Pro Hac Vice scheduled for 05/08/2025 at 09:00 AM in Stanley Mosk Courthouse at Department 51 Not Held - Vacated by Court on 02/07/2025

**02/06/2025** Case Management Conference scheduled for 06/06/2025 at 08:30 AM in Stanley Mosk Courthouse at Department 51

**02/06/2025** Notice of Case Management Conference; Filed by: Clerk

**01/31/2025** Notice of Case Assignment - Unlimited Civil Case; Filed by: Clerk

**01/31/2025** Alternate Dispute Resolution Packet; Filed by: Clerk

**01/31/2025** Summons on Complaint; Issued and Filed by: Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff); As to: Colin Thomson (Defendant); Christine Thomson (Defendant); Rodney Philip Thomson (Defendant) et al.

**01/31/2025** Civil Case Cover Sheet; Filed by: Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff); As to: Colin Thomson (Defendant); Christine Thomson (Defendant); Rodney Philip Thomson (Defendant) et al.

**01/31/2025** Complaint; Filed by: Jim Cornette (Plaintiff); Arcadian Vanguard, LLC, a limited liability company (Plaintiff); As to: Colin Thomson (Defendant); Christine Thomson (Defendant); Rodney Philip Thomson (Defendant) et al.

**01/31/2025** Case assigned to Hon. Upinder S. Kalra in Department 51 Stanley Mosk Courthouse

# EXHIBIT C

# EXHIBIT C

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Teri T. Pham (SBN 193383)<br>tpham@epgrlawyers.com<br>Enenstein Pham Glass & Rabbat LLP<br>3200 Bristol Street, Suite 500<br>Costa Mesa, CA 92626<br>Telephone: (714) 292-0262<br><br><br>☐ *Individual appearing without an attorney*<br>☒ *Attorney for:* Movant Colin Thomson | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Kast Media, Inc.<br><br><br><br><div align="right">Debtor(s).</div><br>Jim Cornette, an individual; and Arcadian Vanguard, LLC, a limited liability company;<br><br><br><br><div align="right">Plaintiff(s),</div><br><div align="center">vs.</div><br>Colin Thomson, an individual; Christine Thomson, an individual; Rod Thomson, an Individual; Matthew Yu, an individual; PodcastOne, Inc., a Delaware corp; LiveOne , Inc., a Delaware Corp., and Does 1 - 50, Inclusive;<br><div align="right">Defendant.</div> | CASE NO.: 1:24-bk-10396-MB<br><br>CHAPTER: 11<br><br>ADVERSARY NO.:<br><br><br><br>## NOTICE OF STATUS CONFERENCE RE REMOVAL OF ACTION<br><br><div align="center">**[LBR 9027-1]**</div> |

TO: ALL PARTIES IN REMOVED ACTION, ANY TRUSTEE APPOINTED IN THE BANKRUPTCY CASE, AND THE U.S. TRUSTEE:  A Notice of Removal of Action (Removal Notice) was filed under 28 U.S.C. §1452(a), FRBP 9027 and LBR 9027-1(a).  A copy of the Removal Notice accompanies this Notice of Status Conference (Status Conference Notice).

| |
|---|
| Removing Party: Colin Thomson |
| Date of Filing of Removal Notice: March 7, 2025 |
| Court/division from which action is removed: Los Angeles Superior Court for the State of California |
| Case No. of Removed Action: 25STCV02767 |

1) **Status Conference** – A status conference on the Removal Notice has been set for:

| | |
|---|---|
| Hearing date:<br><br>Time:<br><br>Courtroom: | Address:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

2)  **Service of Status Conference Notice** – Pursuant to LBR 9027-1(b)(3), no later than 14 days after the Status Conference Notice is issued and filed, the party who filed the Removal Notice must serve the Status Conference Notice on all parties to the removed action, any trustee appointed in the bankruptcy case, the United States trustee, and a judge's copy as provided in the Court Manual.

3)  **Preserving Right to Jury Trial** – Pursuant to LBR 9027-1(e), no later than 14 days after service of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)), a party to the removed action must comply with LBR 9015-2 to preserve any right to trial by jury.

4)  **FRBP 9027(e)(3) Statement** – Pursuant to FRBP 9027(e)(3), no later than 14 days after the filing of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)),, a party to the removed action (other than the party who filed the Removal Notice) must file with the clerk the statement required under FRBP 9027(e)(3) and serve the statement upon all other parties to the removed action.

5)  **Litigation Documents** – Pursuant to FRBP 9027(a)(1) and 9027(e)(2), and LBR 9027-1(d), subject to LBR 9027-1(d)(2)(B), no later than 30 days after the filing of the Removal Notice, the party who filed the Removal Notice must file with the clerk, all of the following items pertaining to the action being removed:

    (a)  A copy of the docket from the court where the removed litigation was pending; and

    (b)  A copy of every document reflected on the docket, whether the document was filed by a party or entered by the court. These copies must be provided in chronological order according to the date the document was filed.

6)  **Joint Status Report** - Pursuant to LBR 7016-1(a)(2), no later than **14 days prior to the Status Conference**, all parties to this adversary proceeding must participate in filing a joint status report (JSR) and deliver a judge's copy as required in the Court Manual.  The JSR must be prepared according to the instructions set forth on the court's website at www.cacb.uscourts.gov.


KATHLEEN J. CAMPBELL, CLERK OF COURT


Date:                                              By: _____
                                                         Deputy Clerk

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2014                          Page 2                          **F 9027-1.NOTICE.STATCONF.REMOVAL**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address 3200 Bristol Street, Suite 500, Costa Mesa, CA 92626. On March 7, 2025, I served the foregoing document(s) described as:

**NOTICE BY COLIN THOMSON OF REMOVAL OF STATE COURT CIVIL ACTION FROM THE LOS ANGELES COUNTY SUPERIOR COURT TO THE UNITED STATES BANKRUPTCY COURT PER 28 U.S.C. §§ 1334 AND 1452, AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; ADVERSARY PROCEEDING COVER SHEET**

on the interested party(s) in this action as stated below:

| | |
|---|---|
| Andre Verdun, Esq. <br> **LAW OFFICE OF ANDRE L. VERDUN** <br> 1777 N Ventura Ave <br> Ventura, CA 93001 <br> Tel.619-880-0110 <br> service@verdunlaw.com <br><br> Attorney for Plaintiffs | Stephen P. New, Esq. <br> **STEPHEN NEW & ASSOCIATES** <br> 430 Harper Park Drive <br> Beckley, WV 25801 <br> Tel: 304-250-6017 <br> steve@newlawoffice.com <br><br> Attorney for Plaintiffs |

[ ] **BY ELECTRONIC SERVICE**: I caused the document(s) to be sent to the persons at their respective electronic notification address, listed above.

[ ] **BY OVERNIGHT DELIVERY.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ X ] **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

[X] (**FEDERAL**) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 7, 2025 in Costa Mesa, California.

_____
Johnny G. Balbuena

**PROOF OF SERVICE**